Dariush G. Adli, Esq. (SBN: 204959)
adli@adlilaw.com
Hanwei Cheng, Esq. (SBN: 248803)
hanwei.cheng@adlilaw.com
ADLI LAW GROUP P.C.
444 South Flower Street, Suite 1750
Los Angeles, California 90071
Telephone: 213-623-6546
Facsimile: 213-623-6554

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| METRO PAWS, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>METROPAWS KC, a Missouri business entity form unknown; and DOES 1 through 10,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR DAMAGES:**<br><br>*1) Federal Trademark Infringement;*<br>*2) California Common Law Trademark Infringement;*<br>*3) Federal Trademark Dilution;*<br>*4) Federal Unfair Competition & False Designation of Origin; and*<br>*5) California Unfair Competition*<br><br>**DEMAND FOR JURY TRIAL** |

   Plaintiff Metro Paws, LLC, hereby complains and alleges as follows against Defendant MetroPAWS KC ("Defendant"); and DOES 1-10:

# I.

# JURISDICTION

   1. This Court has diversity jurisdiction over this action pursuant to 28

1

**COMPLAINT FOR DAMAGES**

1  U.S.C. § 1332(a)(2) in that Plaintiff and Defendant are citizens of different states and the matter in controversy exceeds $75,000, exclusive of interests and costs. The Court has original subject matter jurisdiction over the claims that relate to trademark infringement and unfair competition under 15 U.S.C. §1125, pursuant to 28 U.S.C. §1331 and 1338. The Court has supplemental jurisdiction over the claims in this Complaint which arise under state statutory and common law pursuant to 28 U.S.C. § 1367(a) because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts. This action is not a collusive action designed to confer jurisdiction on a court of the United States that it would not otherwise have.

2. This Court has personal jurisdiction over the Defendant because it has a continuous, systematic, and substantial presence within this judicial district. For example, by using and offering infringing services in this judicial district, and by committing acts of patent infringement in this judicial district. Defendant's acts form a substantial part of the events or omissions giving rise to Plaintiff's claims.

3. Venue is proper in this Judicial District pursuant to 28 U.S.C. §1391(b) and (c).

## II.

## PARTIES

4. Plaintiff Metro Paws, LLC ("Metro Paws") is a limited liability company organized and existing under the laws of the State of California, having its principal place of business at 7610 Beverly Blvd., Unit 481182, Los Angeles, CA 90048.

5. Plaintiff is informed and believes, and on that basis alleges, that Defendant MetroPAWS KC, having its principal place of business at 1600 Grand Boulevard, #103, Kansas City, Missouri 64108.

6. Plaintiff is ignorant of the true names and capacities, whether individual, corporate, associate, partnership, or otherwise of each of the Defendants sued herein as Does 1 through 10, inclusive, and therefore sues said Defendants by such fictitious

**COMPLAINT FOR DAMAGES**

names. Plaintiff reserves the right to name such Does as discovery from Defendants reveal their identities.

7. Plaintiff is informed and believes and thereon alleges that each of the Defendants named herein as a Doe was and is negligently, intentionally, or both negligently and intentionally responsible in some manner for the occurrences herein alleged, and the injuries and damages suffered by Plaintiff as herein alleged were the direct and proximate result of, and caused by the acts and omissions of the Defendants.

8. To the extent that certain acts and omissions were perpetrated by certain Defendants, the remaining Defendant or Defendants confirmed and ratified said acts and omissions.

9. Whenever and wherever reference is made in this Complaint to any act by a Defendant or Defendants, such allegations and reference shall also be deemed to mean the acts and failures to act of each Defendant acting individually, jointly, and severally.

10. Whenever and wherever reference is made to individuals who are not named as Plaintiff or Defendants in this Complaint but were employees/agents of each other Defendant, such individuals acted on behalf of each Defendant within the scope of their employment.

## III.
## FACTUAL ALLEGATIONS

Plaintiff is informed and believes and thereon alleges the following:

11. Plaintiff is in the business of selling goods and products related to pets, especially dogs, and also providing dog and pet services which include, but are not limited to, walking, training, boarding, grooming, day care, transportation, veterinary, rehabilitation, photography, and others. Plaintiff maintains the website portal www.metropaws.com on which it advertises and markets its dog and pet related products and services. Plaintiff also utilizes a Facebook page titled "MetroPaws

LLC" and used to maintain a "MetroPaws" page on Instagram.

12. In order to protect Plaintiff's investment in the development of its brand name and products, Plaintiff obtained United States trademarks.

13. Plaintiff Metro Paws registered its "Metro Paws" trademark on December 19, 2006 with the United States Patent and Trademark Office ("USPTO"), Registration No. 3,187,309 ("309 Trademark"). Metro Paws registered its "Metropaws" trademark with the USPTO on January 4, 2011, Registration No. 3,899,560 ("560 Trademark"). (309 Trademark and 560 Trademark collectively referred to herein as the "Marks").

14. The Marks have not been abandoned, canceled, or revoked.

15. The Marks cover classes which specifically include online retail/wholesale store services featuring pet goods and internet website portals featuring promotion and advertising for dog-related products and services.

16. Defendant MetroPAWS KC maintains the website www.metropawskc.com on which it advertises and provides dog walking and pet sitting services. MetroPAWS KC uses a Facebook page entitled "MetroPawsKC" which Defendant MetroPAWS KC uses to advertise and market its services to the public.

17. On or about September 26, 2014, Plaintiff issued a cease and desist letter to Defendant MetroPAWS KC. Plaintiff informed Defendant MetroPAWS KC that Plaintiff owned the 309 and 560 Trademarks which Defendant was infringing upon. Plaintiff requested that MetroPAWS KC refrain from infringing on the 309 and 560 Trademarks.

### FIRST CAUSE OF ACTION
*Federal Trademark Infringement*
*15 U.S.C. §1114*
*(Against All Defendant MetroPAWS KC)*

18. Plaintiff repeats and re-alleges each and every allegation set forth above

4

as if set forth fully herein.

19. This is a claim for trademark infringement arising under 15 U.S.C. §1114.

20. As set forth herein, Defendant MetroPAWS KC has engaged in acts of direct infringement by the sale and offer for sale of services and products in connection with one or more of Plaintiff's Marks without Plaintiff's consent.

21. Upon information and belief, long after Plaintiff's adoption and use of each of its Marks, and after the federal registration of each of the Marks, Defendant has affixed and used in commerce reproductions, copies, or colorable imitations of one or more of the Marks without Plaintiff's consent in a manner that infringes upon Plaintiff's rights in the Marks in violation of 15 U.S.C. §1114.

22. Without Plaintiff's consent, Defendant used in commerce marks that are confusingly similar to Plaintiff's Marks in connection with the sale, offering for sale, or advertising or goods or services in a manner which is likely to cause confusion, or to cause mistake, or to deceive.

23. Plaintiff is informed and believes, and thereon alleges, that Defendant did so with actual knowledge of Plaintiff's ownership and prior use of the Marks, and with the intent to unfairly compete with Plaintiff, to trade upon Plaintiff's reputation and goodwill by causing confusion and mistake among customers and the public, and to deceive the public into believing that Defendant's products are associated with, sponsored by, originate from, or are approved by Plaintiff, when they are not.

24. Plaintiff is informed and believes, and thereon alleges, that Defendant's activities constitute willful and intentional infringement of the Marks, directly and/or indirectly, in total disregard of Plaintiff's proprietary rights, and were done despite Defendant's knowledge that the use of the Marks was and is in direct contravention of Plaintiff's rights.

25. Plaintiff is informed and believes, and thereon alleges, that Defendant has derived and received, and will continue to derive and receive, gains, profits, and

1  advantages from the use of the Marks in an amount that is not presently known to
2  Plaintiff. By reason of Defendant's actions, constituting unauthorized use of the
3  Marks, Plaintiff has been damaged and is entitled to monetary relief in an amount to
4  be determined at trial.

5  26. Due to Defendant's actions, constituting unauthorized use of the Marks,
6  Plaintiff has suffered and continues to suffer great and irreparable injury, for which
7  Plaintiff has no adequate remedy at law.

## SECOND CAUSE OF ACTION

*California Common Law Trademark Infringement*

*(15 U.S.C. §1125(a))*

*(Against All Defendant MetroPAWS KC)*

27. Plaintiff repeats and re-alleges each and every allegation set forth above as if set forth fully herein.

28. This is a claim for trademark infringement, arising under California common law.

29. As set forth herein, Defendant MetroPAWS KC has engaged in acts of direct infringement by the sale, offer for sale of services and products in connection with one or more of Plaintiff's Marks without Plaintiff's consent.

30. Defendant's acts complained of herein constitute trademark infringement under California common law. Plaintiff is informed and believes, and thereon alleges, that Defendant's acts complained of herein are willful and deliberate and committed with knowledge that Defendant's unauthorized use of Plaintiff's Marks and Plaintiff's common law trademarks causes a likelihood of confusion.

31. Plaintiff is informed and believes, and thereon alleges, that Defendants have derived and received and will continue to derive and receive, gains, profits, and advantages from Defendant's trademark infringement in an amount that is not presently known to Plaintiff.

32. Due to Defendant's trademark infringement, Plaintiff has suffered and

**COMPLAINT FOR DAMAGES**

1 continues to suffer great and irreparable injury for which Plaintiff has suffered and
2 continues to suffer great and irreparable injury for which Plaintiff has no adequate
3 remedy at law.

4       33. Defendant's willful acts of trademark infringement under California
5 common law constitute fraud, oppression, and malice. Accordingly, Plaintiff is
6 entitled to exemplary damages.

**THIRD CAUSE OF ACTION**

*Federal Trademark Dilution*

*(15 U.S.C. §1125(c))*

*(Against All Defendant MetroPAWS KC)*

11       34. Plaintiff repeats and re-alleges each and every allegation set forth above
12 as if set forth fully herein.

13       35. This is a claim for trademark dilution under 15 U.S.C. §1125(c).

14       36. The products and services sold by Plaintiff under the Marks have been
15 widely advertised, promoted, and distributed to the purchasing public throughout the
16 United States and the world.

17       37. Products and services sold under the Marks, by reason of their style and
18 design and quality of workmanship, have come to be known to the purchasing public
19 throughout the United States are representing products and services of high quality,
20 which are sold under good merchandising and customer service conditions. As a
21 result, the Marks, and the goodwill associated therewith, are of great value to Plaintiff.

22       38. By virtue of the wide renown acquired by the Marks, coupled with the
23 national distribution and extensive sale of various products and services distributed
24 under the Marks, each of the Marks has become famous.

25       39. As set forth herein, Defendant MetroPAWS KC has engaged in acts of
26 direct infringement by the sale and offer for sale of services and products in
27 connection with one or more of Plaintiff's Marks without Plaintiff's consent.

28       40. Upon information and belief, Defendant's actions were done willfully

1 | with the intent to exploit Plaintiff's reputation and dilute the Plaintiff's Marks.

2  41.  By reason of the aforesaid acts constituting trademark dilution, Plaintiff has been damaged and is entitled to monetary relief in an amount to be determined at trial.

42.  Due to Defendant's actions, constituting trademark dilution, Plaintiff has suffered and continues to suffer great and irreparable injury, for which Plaintiff has no adequate remedy at law.

## FOURTH CAUSE OF ACTION

*Federal Unfair Competition & False Designation of Origin*

*(15 U.S.C. §1125(a))*

*(Against All Defendant MetroPAWS KC)*

43.  Plaintiff repeats and re-alleges each and every allegation set forth above as if set forth fully herein.

44.  This is a claim for unfair competition and false designation of origin under 15 U.S.C §1125(a).

45.  As set forth above, Defendant has engaged in acts of direct infringement by the sale and offer for sale of goods and services in connection with the Marks without Plaintiff's consent.

46.  As set forth herein, Defendant MetroPAWS KC has engaged in acts of direct infringement by the sale, offer for sale of services and products in connection with one or more of Plaintiff's Marks without Plaintiff's consent.

47.  Defendant's use of the Marks without Plaintiff's consent constitutes a false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods or commercial activities by another person in violation of 15 U.S.C. §1125(a).

48.  Defendant's use of the Marks without Plaintiff's consent constitutes a

false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods or commercial activities in violation of 15 U.S.C. §1125(a).

49. Such conduct by Defendant is likely to confuse, mislead, and deceive Defendant's customers, purchasers, and members of the public as to the origin of Defendant's products or cause said persons to believe that Defendant and/or its products have been sponsored, approved, authorized, or licensed by Plaintiff or are in some way affiliated or connected with Plaintiff, when they are not, all in violation of 15 U.S.C. §1125(a).

50. Upon information and belief, Defendant's actions were undertaken willfully with full knowledge of the falsity of such designation of origin and false descriptions or representations.

51. Plaintiff is informed and believes, and thereon alleges, that Defendant has derived and received, and will continue to derive and receive, gains, profits, and advantages from Defendant's false designation of origin, false or misleading statements, descriptions of fact, or false or misleading representations of fact in an amount that is not presently known to Plaintiff. By reason of Defendant's actions, constituting false designation of origin, false or misleading statements, false or misleading descriptions of fact, or false or misleading representations of fact, Plaintiff has been damaged and is entitled to monetary relief in an amount to be determined at trial.

52. Due to Defendant's actions, constituting false designation of origin, false or misleading statements, descriptions of fact, or false or misleading representations of fact, Plaintiff has suffered and continues to suffer great and irreparable injury, for which Plaintiff has no adequate remedy at law.

///

///

## FIFTH CAUSE OF ACTION

*California Unfair Competition*

*(Against All Defendant MetroPAWS KC)*

53.    Plaintiff repeats and re-alleges each and every allegation set forth above as if set forth fully herein.

54.    This is a claim for unfair competition, arising under California Business & Professions Code §17200, et seq. and California common law.

55.    Defendant's acts of trademark infringement, false designation of origin, and trademark dilution complained of herein constitute unfair competition with Plaintiff under the common law and statutory laws of the State of California, particularly California Business & Professions Code §17200, et seq.

56.    As set forth herein, Defendant MetroPAWS KC has engaged in acts of direct infringement by the sale and offer for sale of services and products in connection with one or more of Plaintiff's Marks without Plaintiff's consent.

57.    Plaintiff is informed and believes, and thereon alleges, that Defendant has derived and received, and will continue to derive and receive, gains, profits and advantages from Defendant's unfair competition in an amount that is not presently known to Plaintiff.  By reason of Defendant's wrongful acts as alleged in this Complaint, Plaintiff has been damaged and is entitled to monetary relief in an amount to be determined at trial.

58.    By its actions, Defendant has injured and violated the rights of Plaintiff and have irreparably injured Plaintiff and such irreparable injury will continue unless Defendant is enjoined by this Court.

///

///

///

///

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment in its favor against Defendant MetroPAWS KC for the following relief:

1. A preliminary and permanent injunction against Defendant, its officers, agents, servants, employees, representatives, successors, and assigns, and all persons, firms, or corporations in active concert or participation with Defendant, enjoining them from engaging in the following activities and from assisting or inducing, directly or indirectly, others to engage in the following activities:

    a. Using any of the Marks, or any other mark, symbol, or logo that is confusingly similar to any of the Plaintiff's Marks on or in connection with any pet goods, pet products, or pet services;

    b. Falsely designating the origin of Defendant's goods;

    c. Making false or misleading statements, descriptions of fact, or false or misleading representations of fact;

    d. Causing a likelihood of confusion or injuries to Plaintiff's business reputation;

    e. Manufacturing, using, displaying, distributing, or selling any goods that infringe any of Plaintiff's Marks; and

    f. Directly or indirectly infringing the 309 Trademark and 560 Trademark.

2. That Defendant be required to account for any and all profits derived by their acts of trademark infringement, false designation of origin, trademark dilution, and unfair competition complained of in this Complaint.

3. That Defendant's acts of trademark infringement, false designation of origin, trademark dilution, and unfair competition complained of in this Complaint be deemed willful, that this be deemed an exceptional case, and that Plaintiff be entitled to enhanced damages.

4. That Plaintiff be awarded damages for Defendant's trademark infringement pursuant to 15 U.S.C. §1117 in the form of either: i) Defendant's profits, damages sustained by Plaintiff, and costs of the action; or ii) statutory damages pursuant to 15 U.S.C. §1117(c), at Plaintiff's election before the entry of a final judgment.

5. That the amount of the profits or damages be increased three times, pursuant to 15 U.S.C. §1117(b), to properly compensate Plaintiff for Defendant's actions.

6. That Plaintiff be awarded its reasonable costs, expenses, and attorneys' fees pursuant to 15 U.S.C. §1117.

7. That Defendant be required to deliver and destroy within thirty (30) days all devices, literature, advertising, packaging, goods, and other materials bearing the infringing trademarks pursuant to 15 U.S.C. §1118.

8. That Plaintiff be awarded damages for Defendant's unfair competition pursuant to California Business & professions Code §17200, et seq.

9. An award of pre-judgment and post-judgment interest and costs of this action against Defendant.

10. That Plaintiff be awarded punitive and exemplary damages.

11. Such other and further relief as this Court may deem just.

                                        Respectfully submitted,

Dated: February 23, 2015        ADLI LAW GROUP P.C.

                                        By: /s/Dariush G. Adli, Esq.
                                        Dr. Dariush G. Adli, Esq.
                                        Attorney for Plaintiff
                                        MetroPaws, LLC

**COMPLAINT FOR DAMAGES**

## **DEMAND FOR JURY TRIAL**

Plaintiff MetroPaws, LLC, hereby demands a trial by jury on all triable claims.

Dated: February 23, 2015

ADLI LAW GROUP P.C.

By: _/s/Dariush G. Adli, Esq._
Dr. Dariush G. Adli, Esq.
Attorney for Plaintiff
MetroPaws, LLC

**COMPLAINT FOR DAMAGES**